(110 So. 168)

## SHAW v. STATE.   (8 Div. 443.)

(Court of Appeals of Alabama.   April 13, 1926.
Rehearing Denied May 11, 1926.)

**1. Pardon ⬅4.**

Court of Appeals will not grant relief which would be an assumption of the pardoning powers.

**2. Pardon ⬅4.**

Pardoning power rests with the Governor and his advisory pardoning board, and not with courts.

**3. Criminal law ⬅1124(1).**

Where no record of proceedings on main trial was incorporated in transcript on appeal, appellate court cannot declare error in overruling motion for new trial.

Appeal from Circuit Court, Lawrence County; J. E. Horton, Judge.

Arthur Shaw, alias Penny, was convicted of manufacturing prohibited liquor and possessing a still, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Shaw v. State, 110 So. 169.

G. O. Chenault, of Albany, for appellant.

Counsel argue for error in overruling motion for new trial, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The transcript does not set out the evidence, and the matter presented by motion for new trial will not be reviewed. Youngblood v. State, 19 Ala. App. 561, 100 So. 87.

BRICKEN, P. J. [1-3] It is not within the province of this court to grant the relief sought by the so-called appeal before us. To do so would be an assumption by this court of the pardoning powers. We have read the insistences contained in this transcript, and the proof, which appears without conflict, offered in the court below on the motion for a new trial. If the facts detailed are true, this man should be promptly liberated, and had we jurisdiction or authority so to do, such would be the order of this court. But the pardoning power rests with his excellency, the Governor, and to him and his advisory pardoning board should this matter be presented. As the matter is here presented we can only order an affirmance of the judgment appealed from, as no record of the proceedings upon the main trial is incorporated in the transcript, and in the absence of such record we cannot say that the court was in error in overruling appellant's motion for a new trial.

Affirmed.